UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MBIYA MITCHEM,<br>    Plaintiff, | Case No. 1:18-cv-426 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| SHERIFF, BUTLER<br>COUNTY, OH, *et al.*,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate currently at the United States Penitentiary Canaan and former inmate at the Butler County, Ohio jail, brings this civil rights action against defendants the Butler County, Ohio Sheriff and C/O Rucker. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on August 27, 2017, defendant C/O Rucker closed plaintiff's cell door on his right finger while he was located at the Butler County Jail, violating his rights under the Eighth Amendment. (Doc. 1 at PageID 4, 6). In support of his allegation, plaintiff relies on Rucker's description of the incident in an August 27, 2017 Jail Incident Report:

> On the above date and location inmate Mitchem, Mbiya JCA# 178494 in cell D-19. During rec inmate Mitchem ask if I CO, Rucker 2282 could shut his door so he could use the restroom. Due to the intercom button not working. After 15 minutes past I saw inmate Mitchem waiving in the cell door window. I CO, Rucker open the cell door via control panel which then door opened faster then normal and the inmates hand was pinched between the door and wall. Inmate Mitchem's right hand was bleeding from the ring finger. I CO, Rucker called for medic over the radio and requested medics to come to D-pod. Medics Huck 2214 and Medic Kiinsworthy responded to D-pod. Medic informed that the inmate will need stitches and notified SGT, Grathwal,. The inmate was taken to the hospital.

(*Id.* at PageID 13). Plaintiff's complaint and exhibits detail the injuries plaintiff sustained from the incident.

As relief, plaintiff seeks monetary damages. (*Id.* at PageID 5).

Plaintiff's complaint is subject to dismissal at the screening stage. Under the Eighth Amendment, "a prisoner alleging excessive force must demonstrate that defendant[s] acted

3

'maliciously and sadistically to cause harm.'" *Porter v. Nussle*, 534 U.S. 516, 528 (2002) (citing *Hudson v. McMilliam*, 503 U.S. 1 (1992)). An excessive force claim also requires plaintiff to demonstrate that the defendants actions were "purposeful or knowing conduct." *Id.* In this case, plaintiff does not make any factual allegations that would enable the Court to plausibly conclude that defendants purposefully caused his injuries. According to plaintiff, defendant Rucker attempted to open his cell door upon seeing plaintiff waive from his cell. Rucker opened the door from the control panel, the door opened quicker than normal, and plaintiff's finger was pinched, causing him injuries. Plaintiff's allegations do not suggest that Rucker intended to cause him injury, much less that his behavior was malicious or sadistic. Accordingly, plaintiff fails to state a claim upon which relief may be granted and the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MBIYA MITCHEM,<br>    Plaintiff, | Case No. 1:18-cv-426 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| SHERIFF, BUTLER<br>COUNTY, OH, *et al.*,<br>    Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).