**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Mbiya Mitchem, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:18-cv-00426 |
| | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | |
| Sheriff, Butler County, OH, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R"), (Doc. 5), and Plaintiff's objections thereto, (Doc. 6). Plaintiff did not file his objections within the 14-day deadline. *See* Fed. R. Civ. P. 72(b)(2); *see also* (Doc. 5, PageID 48). However, the Court will liberally interpret his objections to include a motion for an extension of time to file those objections and grant an extension. Plaintiff's objections are, therefore, deemed timely.

## I. BACKGROUND

Plaintiff is a *pro se* litigant who is currently incarcerated at the United States Penitentiary Cannan in Pennsylvania. (Doc. 5). He was formerly incarcerated at the Butler County, Ohio jail. (*Id.*). Plaintiff filed his Complaint on June 18, 2018. (Doc. 1). He brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. Specifically, he alleges that he was subjected to unnecessary wanton infliction of pain

and injury, on August 27, 2017 at the Butler County jail, when CO Rucker opened a jail cell door on his right ring finger which resulted in hospitalization for stiches. (*Id.*). Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and cites the Eighth and Fourteenth Amendments. (*Id.*). He relies on facts found in a jail incident report, submitted by CO Rucker, which states:

> On the above date and location inmate Mitchem [] in cell D-19. During rec inmate Mitchem ask if I CO, Rucker 2282 could shut his door so he could use the restroom. Due to the intercom button not working. After 15 minutes past I saw inmate Mitchem waiving in the cell door window. I CO, Rucker open the cell door via control panel which then door opened faster then normal and the inmates hand was pinched between the door and wall. Inmate Mitchems right hand was bleeding from ring finger. I CO, Rucker called for medic over the radio and requested medics to come to D-pod. Medics [] responded to D-pod. Medics informed that the inmate will need stitches and notified SGT, Grathwal,. The inmate was taken to the hospital.

(Doc. 1, Attachment 1, PageID 13); *compare* (*id.*), *with* (Doc. 1, PageID 6-7).

On June 20, 2018, the Magistrate Judge issued a Deficiency Order and ordered Plaintiff to pay the $400 filing and administrative fee or to submit an *in forma pauperis* application. (Doc. 2). Plaintiff filed a motion to proceed *in forma pauperis*, (Doc. 3), which the Magistrate Judge granted, (Doc. 4). Pursuant to 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1), the Magistrate Judge performed a *sua sponte* review of Plaintiff's Complaint to determine if the Complaint, or any portion of it, should be dismissed for frivolousness, maliciousness, failure to state a claim upon which relief may be granted, or seeking monetary relief from a defendant who is immune from relief. After that review, the Magistrate Judge issued the pending R&R which recommends dismissal of Plaintiff's Complaint, as the facts included therein fail to state a claim upon which relief can be granted. (Doc. 5) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II. ANLAYSIS

Under 28 U.S.C. §636(b)(1)(A), determinations made by a Magistrate Judge are subject to the review of the district court. When a matter is dispositive and the court receives objections to an R&R, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After that review, the district court "may accept, reject, or modify the recommendation; receive additional information; or return the matter to the magistrate judge" for further proceedings. *Id.*

Turning to Plaintiff's objections, he contends that his claim is should not be dismissed because it was timely, he suffered an injury, and the Magistrate Judge incorrectly characterized his claim as an excessive force claim whereas it is properly characterized as a personal injury claim under 42 U.S.C. § 1983. (Doc. 6). He also appears to assert that qualified immunity is not applicable. (*Id.*).

With respect to Plaintiff's objections regarding the timeliness of his claim, the Magistrate Judge did not find his claim to be untimely or recommend dismissal on that basis. (Doc. 5). Similarly, the issue of qualified immunity did not weigh in the Magistrate Judge's decision to recommend dismissal. (*Id.*). Finally, to the extent that Plaintiff believes that the Magistrate Judge incorrectly characterized his claim, (Doc. 6), the Court disagrees. A review of the R&R reveals that the Magistrate Judge acknowledged Plaintiff's reliance on 42 U.S.C. § 1983, along with the Eighth and Fourteenth Amendments, and accepted his assertion that he sustained an injury to his right ring finger, which required hospitalization, when a door that Defendant Rucker opened pinched Plaintiff's finger. (Doc. 5). That Magistrate Judge found that Plaintiff's recitation

of the facts fails to reveal that Defendants purposefully, maliciously, or sadistically caused his right ring finger injury and, consequently, Plaintiff fails to state facts upon which relief can be granted. (*Id.*). Stated otherwise, the Magistrate Judge sufficiently explained that sustaining a physical injury is not sufficient to state his claim; rather, Plaintiff must also show that Defendants acted purposefully, maliciously, or sadistically. (*Id.*). The Court agrees with the Magistrate Judge that Plaintiff's allegations, and relied upon facts, fail to do so.

### III. CONCLUSION

In light of the above, it is **ORDERED** that the Magistrate Judge's R&R is hereby **ADOPTED**, (Doc. 5), and Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. Accordingly, this case is closed and terminated from the Court's docket. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that for the foregoing reasons an appeal of this Order would not be taken in good faith and, therefore, denies Plaintiff leave to appeal in forma pauperis.

   **IT IS SO ORDERED.**

          /s Michael R. Barrett_____
          Michael R. Barrett, Judge
          United States District Court